**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph R. Stotts; Juanita K. Stotts, | No. CV 09-1391-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| Washington Mutual Bank, F.A.; California Reconveyance Company; J.P. Morgan Chase Bank, N.A.; Bank of America, N.A., | |
| Defendants. | |

On July 8, 2009, three Defendants filed a motion to dismiss this case as to all Defendants. Under Local Rule 12.1(b), Plaintiffs were required to respond withing 30 days. Plaintiffs failed to respond. Pursuant to Local Rule Civil 7.2(i), this Court can treat Plaintiffs' failure to respond as consent to the motion being granted.

"Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *U.S. v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979)). "Before dismissing the action, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [party seeking dismissal]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Id.* at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In the motion to dismiss, Defendants California Reconveyance Company, J.P. Morgan

Chase Bank, N.A. and Bank of America, N.A. argue, among other things, that because Defendant Washington Mutual Bank, F.A. is in receivership, this Court does not have jurisdiction over Defendant Washington Mutual Bank, F.A. Further the three moving Defendants argue that because Defendant Washington Mutual Bank, F.A. is a necessary and inseparable party to all claims in the complaint, the complaint must be dismissed for lack of jurisdiction. As the motion notes, due to Defendant Washington Mutual Bank's, F.A. receivership, all claims against Defendant Washington Mutual Bank, F.A. had to be filed with the FDIC. Doc. #7 at 9-10 (citing 12 U.S.C. § 1821(d)(13)(D) and *New Orleans Employees' Retirement System v. F.D.I.C*, 2009 U.S.Dist.Lexis 39029, 5-7 (W.D. Wash. 2009)).

Thus, turning to the factors outlined in *Ghazali*, the public's interest in prompt resolution of cases favors dismissal because the Court has already waited an additional three weeks for a response from Plaintiffs and the Court sees no reason to further delay this case. Next, similarly, for the Court to manage its docket, the Court must timely resolve motions and determine its jurisdiction. Plaintiffs failure to respond seems a tacit admission that this Court is without jurisdiction to hear this case. Third, the party seeking dismissal of this case would be prejudiced by the Court prolonging the pendency of a case over which it lacks jurisdiction. Fourth, the public policy in favor of disposing of cases of their merits is not harmed if a Court dismisses a case for lack of jurisdiction. Thus, while this factor normally weighs against dismissal as a sanction, Plaintiffs' failure to oppose an argument premised on this Court's lack of jurisdiction over a defendant in receivership weighs in favor of dismissal because a merits resolution in this forum would not be possible. Finally, as to the availability of less drastic sanctions; because the Court is focusing on the lack of jurisdiction, the Court will dismiss this case without prejudice — which is the appropriate remedy whenever the Court lacks jurisdiction and less drastic than a dismissal with prejudice.

Thus, having weighed all of the factors and having considered Local Rule Civil 7.2(i),

1  IT IS ORDERED granting the motion to dismiss (Doc. #7) and dismissing this entire
2 case, without prejudice; the Clerk of the Court shall enter judgment accordingly.

DATED this 2nd day of September, 2009.

                                                  James A. Teilborg
                                                  United States District Judge